Melissa A. Smith, Adm.

Aplt. from Decision of Judge of Probate

In the matter of Sarah Augusta Smith

Washington.

*Dunbar and Vase,* for appellant.

*Colon J. Campbell, John M. Dudley, for* appellee.

Sitting: Murchie, C. J., Thaxter, Fellows, Merrill, Nulty, JJ.

Thaxter, J.    A petition for the probate of the will of Sarah Augusta Smith, late of Jonesport in the County of Washington, was filed in the Probate Court for the County of Washington, January 6, 1948, by Benjamin H. Smith, her son, who was the executor named in the will.  He was also the sole beneficiary therein named.  The will was dated October 29, 1919.  Mrs. Smith, the testatrix, died December

3, 1925. February 3, 1948, Geneva S. Huntley, an heir at law of the testatrix, filed a motion to dismiss the petition for probate on the ground that the testatrix died over twenty years prior to the filing of the petition and that it did not appear that there were moneys due to said estate from the State of Maine or the United States.

The statute of limitations, on which said motion was based, has been in effect for many years and reads in part as follows, R. S., 1944, Chap. 141, Sec. 1:

> "After 20 years from the death of any person, no probate of his last will or administration on his estate shall be originally granted except as provided in the following section, unless it appears that there are moneys due to said estate from this state or the United States."

We are not concerned with the exception referred to. The appellant does, however, rely on that provision of Section 9 of said chapter which reads as follows:

> "When such original will is produced for probate, the time during which it has been lost, suppressed, concealed, or carried out of the state shall not be taken as a part of the limitation provided in section 1."

It is not contended by the appellant, who prosecuted this case as administratrix of the estate of Benjamin H. Smith, or by her successor as administrator d. b. n. of Benjamin H. Smith's estate, that the will of Sarah Augusta Smith was "suppressed, concealed, or carried out of the state." But it is claimed that it was lost to Benjamin H. Smith for a sufficient interval after the death of his mother, the testatrix, that its probate is not barred by the twenty year limitation imposed by Section 1. This is the sole issue before us. Was this a lost will within the meaning of Section 9?

The judge of probate dismissed the petition for probate of the will because of the lapse of more than twenty years

between the date of the death of the testatrix and the date of filing the petition for probate. The petitioner appealed and the Supreme Court of Probate sustained the ruling of the judge of probate and dismissed the appellant's petition. The case is before us on a motion for a new trial and on exceptions. The motion for a new trial is not a proper procedure to bring the issue before this court; but it is properly before us on the bill of exceptions.

After the death of Sarah Augusta Smith in 1925, her widower Henry E. Smith, until his death August 19, 1934, continued to live with Benjamin, the son. It was apparently not until the father's death that a thorough search was made for the will of Mrs. Smith. It was sought in a chest at the homestead where she had kept some of her private papers, and at the Machias Savings Bank which had custody of other papers. Benjamin even looked behind pictures on the wall and under a rug on the floor. It was nowhere to be found. The importance of finding it was not fully recognized until a bank deposit was found standing in the name of the testatrix of which Mrs. Geneva Huntley apparently claimed her share as an heir at law of Mrs. Smith, the testatrix. Then Benjamin H. Smith, still having reason to believe that his mother had made a will, employed an attorney, who made an inquiry at the probate office on the possibility that someone having had possession of the will might have filed it there. The register of probate could find nothing. The register made a second search among inactive files and in one of these the will was found. The only clue as to how it got there was a notation on the will in the handwriting of the then register of probate "filed January 14, 1926." It was not indexed or docketed so that a party in interest could find out anything about it. Only the person having custody of the papers in the probate office could have discovered it and then only by laboriously checking each individual document in a dust collecting file. It does not appear whether or not Benjamin H. Smith ever made inquiry at the probate office to see if under the provisions of

the statutes, now R. S., 1944, Chap. 141, Sec. 4, the person having custody of the will may have filed it there. Unless he had done so within a reasonably short time after Mrs. Smith's death it would apparently have not been brought to light; for Miss Bradbury, the register from 1923 to 1939, had completely forgotten all about its having been brought there by anyone and neither of her successors knew anything about it. By reason of the failure to make any written record of its having been filed and the subsequent lapse of memory of the register of probate as to the circumstances of its filing, it was certainly a lost will to Benjamin H. Smith who wished to have it probated. And this is so even though there is testimony from two of the heirs at law that they examined it in the probate office, a fact which they did not report to their brother. Apparently they were not interested as they were excluded from its benefits.

The judge who ruled in the Supreme Court of Probate based his decision on the fact that it was the duty of the executor to have made a diligent search in the probate office for it before the statutory period of twenty years ran out. There is, however, no evidence that he did not do so, and, if he had, such search might well have been fruitless. It was none the less a lost will because eventually it was discovered within the confines of the probate office. It was obviously misplaced or unintentionally concealed by those whose duty it was to take charge of it. That it was there where it should have been only added to the mystery of its disappearance.

It was error to refuse to consider the petition for probate.

*Exceptions sustained.*